UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GENEVIEVE A. THAKE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:08CV653 TIA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Doc. #25 and #26], as well as defendant's motion to dismiss for failure to comply with Section 538.225 of the Missouri Revised Statutes [Doc. #8 and #9]. Defendant filed a reply relative to the § 538.225 motion to dismiss [Doc. # 13], and plaintiff filed a surreply [Doc. #14]. For the following reasons, the Court will deny defendant's motion to dismiss for lack of subject matter jurisdiction and will grant defendant's motion to dismiss for failure to comply with Mo.Rev.Stat. § 538.225.

**Background**

Plaintiffs are the surviving spouse and children of Walter R. Thake. They brought this action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671-2680. In their complaint [Doc. #1], plaintiffs allege that on or about October 23, 2004, Walter Thake "came under the care of physicians and staff of the Department of Veterans Affairs John Cochran hospital in St. Louis, Missouri, a hospital operated by the Department of Veteran's Affairs, an agency of Defendant, the United States of America." Plaintiffs further allege that Mr. Thake was "admitted as an inpatient for treatment of his impaired physical mobility and was being treated by licensed physicians duly

authorized agents and employees of said Hospital." On October 27, 2004, Mr. Thake allegedly was discharged and transferred to Delmar Gardens on the Green ("Delmar Gardens"), "a contracted nursing home for rehabilitation and physical therapy for his impaired physical mobility." Plaintiffs further allege that Mr. Thake's "care was to be coordinated by; administered by; approved by; supervised and monitored with monthly on-sight visits by the employees of the Department of Veterans Affairs Medical Center, Jefferson Barracks and John Cochran [H]ospital in St. Louis." In addition, plaintiffs claim that "defendant's Medical Center employees responsible for monitoring Mr. Thake's care were duly authorized agents and employees of said Medical Center and were acting in the scope and course of the employment and agency." Plaintiffs assert that "while [Mr. Thake was] under the care of the defendant, the United States of America, and [its] employees beginning October 27, 2004, said defendant failed to use that degree of care, skill and learning ordinarily [used] by members of their professions [] under the same or similar circumstances, thereby constituting negligence." More specifically, plaintiffs claim:

> [D]efendants failed to approve or provide Walter R. Thake with rehabilitation or physical therapy . . . failed to properly treat his conditions . . . failed to return [him] for follow-up hospital visits . . . failed to properly, timely and appropriately provide [him] with the necessary care needed after two major emergency surgeries . . . failed to timely provide treatment for [him] with a specialist for proper diagnostic and therapeutic measures for his recovery . . . failed to insure and personally observe that all safety precautions were in place at all times . . . failed to observe [that Mr. Thake's] safety precautions had been removed and only transcribed medical information taken from the nursing home records . . . failed to provide the care a reasonable health care provider would have foreseen as Walter R. Thake's medical care provider . . . failed to fulfill their obligation to provide the necessary care [he] was entitled to . . . failed to take appropriate action when they discovered . . . [his] medical care and treatment was in jeopardy.

Plaintiffs allege that "as a direct an proximate result of the negligence and carelessness of Defendant, Walter R. Thake's physical condition deteriorated which resulted in his untimely death."

Exhibits attached to the complaint indicate that on May 24, 2007, plaintiffs filed an administrative claim with the Department of Veterans Affairs ("VA"), alleging that defendant negligently monitored Walter Thake's care at Delmar Gardens. On April 4, 2008, the VA denied plaintiffs' FTCA claim, finding "no breach in the standard of care by VA that contributed to [Walter Thake's] death." In addition, the VA noted that its "contract with Delmar Gardens on the Green explicitly provided that the nursing home was acting as an independent contractor and therefore [was] responsible for [Walter Thake's] care." Plaintiffs filed the instant action against the United States on May 7, 2008.

## I. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

### Standard of Review

"[J]urisdiction is a threshold question, [and] judicial economy demands that the issue be decided at the outset rather than deferring it until trial." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). "A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quotation and citation omitted). Thus, when ruling on a Rule 12(b)(1) motion, the Court may consider materials outside the pleaded allegations of the complaint. Osborn, 918 F.2d at 730. Moreover,

>the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Id. "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Id. at 729.

## Discussion

"The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA is one example of such an act by Congress, creating a limited waiver of sovereign immunity. See 28 U.S.C. §§ 1346, 2671-2680. Congress has narrowly crafted limited exceptions to the FTCA, to which Courts must give "due regard." United States v. Orleans, 425 U.S. 807, 814 (1976). One exception is that the United States preserves its immunity when suit is brought for the negligent acts of its contractors. Id.

The FTCA allows an action to proceed against the United States for "personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2671. Thus, Congress has expressly limited the United States' waiver of immunity under the FTCA to liability for the acts and omissions of its employees, not independent contractors. See United States v. Orleans, 425 U.S. at 813-14; Rutten v. United States, 299 F.3d 993 (8th Cir. 2002). The FTCA defines an employee of the government as including "persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671.

In the instant case, defendant argues and plaintiffs concede that Delmar Gardens and/or its employees were independent contractors of the United States. Plaintiffs assert that the instant action is not against Delmar Gardens and its employees, but rather the VA Medical Center and its employees. Specifically, in their response to defendant's motion to dismiss for lack of subject matter jurisdiction, plaintiffs state that this action is "a medical malpractice action against the United States of America for the careless and negligent acts of [its] employees . . . Plaintiffs did not file a Federal Tort Claim for the negligent act of the Defendant's independent contractor, the contracted nursing home. . . [T]his claim involves the careless and negligent acts of the employees of the United States of America, the VA Medical Center." Defendant has not filed a reply to plaintiff's response and the time for doing so has passed.

It is unclear to the Court exactly who the individual VA physicians, nurses, and other medical care providers are who plaintiffs claim were acting as employees of the United States. Nevertheless, after reviewing the complaint and in light of plaintiffs' response that they are not suing Delmar Gardens, but rather various "VA Medical Center employees [who] failed to insure [Mr. Thake's] safety needs . . . [and] his medical care and treatment needs were being met," the Court concludes that subject matter jurisdiction does exist in this action. As such, the Court will deny defendant's Rule 12(b)(1) motion to dismiss.

**II. Defendant's Motion to Dismiss for Failure to Comply with Mo.Rev.Stat. § 538.225**

**Standard of Review**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiffs. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all

reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).

## Discussion

Defendant brings its motion to dismiss on the ground that plaintiffs' complaint should be dismissed for failure to file a required health care affidavit, as mandated by Section 538.225 of the Missouri Revised Statutes. In response, plaintiffs argue that the affidavit is not required, because they would be exempt from this legal requirement if the Court would "consider [their] claim as a Negligence Per Se claim." In reply, defendant notes that in their complaint plaintiffs have never alleged negligence per se, or any of the required elements of such a claim, and they should not be allowed to assert this claim solely for purposes of responding to defendant's motion to dismiss. In response, plaintiffs again assert they should be exempt from this legal requirement. They claim (1) in Mr. Thake's case "there was no physician, but rather social workers and nurses who were not legally qualified medical care providers as required by law"; (2) "the Defendant violated the Federal Regulations regarding long[-]term care facilities and physician responsibilities"; and (3) defendant admitted guilt "as stated in its letter dated July 19, 2005."

Having carefully reviewed the parties' respective positions and arguments in light of the complaint, the Court concludes that plaintiffs' contentions are without merit. The instant case is a medical malpractice action brought under the FTCA, and because plaintiffs have failed to file a health care affidavit, the Court is required to dismiss the instant action.

The FTCA is a limited waiver of sovereign immunity in which the United States consents to being sued with regard to the following claims:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant *in accordance with the law of the place where the act or omission occurred*.

28 U.S.C. § 1346(b)(1)(emphasis added).

Missouri law requires a plaintiff in a medical malpractice action to file a health care affidavit. Specifically, Section 538.225.1 of the Missouri Revised Statutes states:

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

Thus, plaintiffs' claims for medical malpractice and loss of consortium are claims for personal injury, and therefore fall within the ambit of the statute. See id.; Willoughby v. Moed, 2008 WL 544712 (E.D.Mo. 2008). Because plaintiffs have failed to file a health care affidavit, and their time for doing so has expired, see Mo.Rev.Stat. § 538.225.5; Willoughby, 2008 WL 544712, the Court is required to dismiss their action at this time for failure to state a claim upon which relief may be granted. See Willoughby, 2008 WL 544712; see also Lafromboise v. Leavitt, 439 F.3d 792 (8th Cir. 2006)(affirming dismissal for failure to file expert affidavit; applying North Dakota law).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of jurisdiction [Doc. #25] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss for failure to comply with Section 538.225 of the Missouri Revised Statutes [Doc. #8] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to compel the production of documents [Doc. #17] and defendant's motion to amend or correct the case management order [Doc. #21] are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this   25th   day of March, 2009.

                                              /s/ Terry I. Adelman
                                    UNITED STATES MAGISTRATE JUDGE